HALL et al. v. WELCH, Former Collector of Internal Revenue.

BRADLEY v. SAME.

Nos. 530, 531.

District Court, D. Massachusetts.

March 20, 1941.

Edmund J. Brandon, U. S. Atty., and C. Keefe Hurley, Asst. U. S. Atty., both of Boston, Mass., Samuel O. Clark, Jr., Asst. Atty. Gen., and Andrew D. Sharpe and W. Croft Jennings, Sp. Assts. to the Atty. Gen., for defendant.

McLELLAN, District Judge.

When these actions for the recovery of overpayments of income taxes were brought, there existed a controversy as to the effect upon taxable income of certain insurance premiums and state income taxes paid, which need not be described because as to these matters the parties, as disclosed by the stipulation on file, are now in accord. But the defendant's concession as to these items does not enable one to determine the amount of the judgments to which the plaintiffs are entitled.

The remaining controversy relates also to the amount of each taxpayer's taxable income for various years. More specifically, the dispute is as to the amount of net income derived from productive realty held in trust for the benefit of the taxpayers. In order to determine that income, it was necessary to subtract from the year's receipts not only the expenditures but also an allowance for depreciation. The issue is not the rate, but the value of the property to which the rate is to be applied in order to arrive at the amount of allowable depreciation. If the realty is valued as of March 1, 1913, the deductible depreciation is less than it is if valued as of December 31, 1920. The Commissioner of Internal Revenue used the earlier date and the plaintiffs say he should have used the later date.

By agreement among the parties, I am to attempt a decision of this issue and the parties are to agree, if possible, upon the amount for which judgment should be entered. If they fail to agree, an opportunity for a further hearing is to be afforded.

### Findings of Fact.

I find as follows:

Some of the facts are admitted in the pleadings. Others appear in a stipulation which is incorporated herein by reference. The only other evidence consists of five deficiency letters adduced by the plaintiffs.

In the first action, the plaintiffs sue as executors of the will of Sarah C. Sears, who died on September 26, 1935. Helen Sears Bradley, plaintiff in the second action, is a daughter of Sarah C. Sears. The

Claude R. Branch, Charles Ryan, and Choate, Hall & Stewart, all of Boston, Mass., for plaintiffs.

790

defendant in both cases is a former United States Collector of Internal Revenue for the District of Massachusetts.

In 1910, Sarah C. Sears acquired an undivided two-thirds interest and her daughter, Helen Sears Bradley, an undivided one-third interest in certain real estate, chiefly office and business buildings in Boston. On December 31, 1920, Helen Sears Bradley conveyed her undivided third interest in the property to her mother, and then both executed a trust indenture, by the terms of which Mrs. Sears became trustee, to manage the property and to divide the net annual income thereof during the joint lives of the settlors, one-third to Mrs. Bradley and two-thirds to Mrs. Sears, and after the death of either, "the entire net income of so much of the trust estate as by the terms of this instrument is directed to remain in trust after that event, shall be paid to the survivor for life."

By the tenth paragraph of the indenture, it was provided: "Tenth. At any time during the joint lives of said Sarah C. Sears and said Helen Sears Bradley, upon the written request to the trustee or trustees hereunder signed and acknowledged by both the said Sarah C. Sears and said Helen Sears Bradley, this trust may be terminated as to any portion of the trust estate or as to the entire trust estate according to the terms of such request, and thereupon two-thirds of the trust estate or such portion thereof as is covered in such request shall be conveyed to the said Sarah C. Sears, and one-third thereof to the said Helen Sears Bradley, free and discharged of all trusts. After the death of either said Sarah C. Sears or said Helen Sears Bradley, on the written request to the trustee or trustees hereunder signed and acknowledged by the survivor of said Sarah C. Sears and said Helen Sears Bradley, this trust may be terminated as to any portion of the estate then held in trust or as to the entire trust estate according to the terms of such request, and the trust estate or so much thereof as is covered by such request shall be conveyed to said survivor free and discharged of all trusts."

The trust instrument contained also the following provisions:

"Third. Upon the death of said Sarah C. Sears the trustee or trustees hereunder shall assign, transfer and convey two-thirds of the principal of the trust estate to such person or persons and for such uses and purposes as the said Sarah C. Sears shall by her last will direct and appoint, and in default of such appointment, the trustee or trustees hereunder shall, if said Helen Sears Bradley be then living, continue to hold the entire estate in trust, paying the whole net income to her during her life and on her decease shall assign, transfer and convey the principal of the trust estate to such person or persons and for such uses and purposes as the said Helen Sears Bradley shall by her last will direct and appoint, and in default of such appointment the same to be transferred and conveyed to such person or persons as would be entitled to receive the same if said Helen Sears Bradley had died possessed of the same as her own property. If said Helen Sears Bradley be not living at the decease of said Sarah C. Sears, in default of appointment by said Sarah C. Sears the principal of the estate then held in trust thereunder for the benefit of said Sarah C. Sears shall be transferred and conveyed to such person or persons as would be entitled to receive the same if said Sarah C. Sears had died possessed of the same as her own property."

"Fourth. If the said Helen Sears Bradley shall die before said Sarah C. Sears, the trustee or trustees hereunder shall upon that event, assign, transfer and convey one-third of the principal of the trust estate to such person or persons and for such uses and purposes as said Helen Sears Bradley shall by her last will direct and appoint, and in default of such appointment shall assign, transfer and convey said one-third of the principal of the trust estate to those persons who would be entitled to receive the same if said Helen Sears Bradley had then died possessed of the same as her own property, and the remaining two-thirds of said trust estate shall continue to be held in trust hereunder, the entire net income to be paid to said Sarah C. Sears during her life, and on her decease the principal to be assigned, transferred and conveyed to such person or persons and for such uses and purposes as said Sarah C. Sears shall by her last will direct and appoint and in default of such appointment to those persons who would be entitled to receive the same if said Sarah C. Sears had died possessed of the same as her own property."

Thus it appears that the trust indenture gives neither taxpayer the right to withdraw all her contribution to the trust unless the other, willing also to withdraw

hers, consents to a termination of the whole trust.

The defendant urges that neither taxpayer had a substantial adverse interest in the termination of the trust by the other, and that the trust must be regarded as revocable within the statutes later set forth.

While I think this contention involves a question of law rather than of ultimate fact, I find to the extent there is room for inferences of fact that each taxpayer had a substantial interest adverse to the other's termination of the trust.

### Conclusions of Law.

As heretofore stated, the plaintiffs urge that the real estate here involved should be valued for depreciation purposes as of December 31, 1920, by virtue of the provisions of the Revenue Act of 1932 and their counterpart in the Revenue Act of 1934. The Act of 1932 reads in part:

"§ 114. *Basis for depreciation and depletion*

"(a) *Basis for depreciation.* The basis upon which exhaustion, wear and tear, and obsolescence are to be allowed in respect of any property shall be the adjusted basis provided in section 113(b) for the purpose of determining the gain or loss upon the sale or other disposition of such property." 26 U.S.C.A. Int.Rev.Code, § 114(a).

"§ 113. *Adjusted basis for determining gain or loss*

\* \* \* \* \* \*

"(b) *Adjusted basis.* The adjusted basis for determining the gain or loss from the sale or other disposition of property, whenever acquired, shall be the basis determined under subsection (a), adjusted as hereinafter provided. \* \* \*"

Section 113(a), to which this refers, provides in part:

"(a) *Basis (unadjusted) of property.* The basis of property shall be the cost of such property; except that—

\* \* \* \* \* \*

"(4) *Gift or transfer in trust before January 1, 1921.* If the property was acquired by gift or transfer in trust on or before December 31, 1920, the basis shall be the fair market value of such property at the time of such acquisition. \* \* \*" 26 U.S.C.A. Int.Rev.Code, § 113(a) (4), (b).

The defendant asserts that the property should be valued as of March 1, 1913, in accordance with the Commissioner's determination, because of Section 166 of the Revenue Acts of 1932 and 1934. Section 166 of the Act of 1932, 26 U.S.C.A. Int. Rev.Acts, page 543, which is almost identical with Section 166 of the 1934 Act, 26 U.S.C.A. Int.Rev.Code, § 166, reads:

"§ 166. *Revocable Trusts.* Where at any time during the taxable year the power to revest in the grantor title to any part of the corpus of the trust is vested—

"(1) in the grantor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom, or

"(2) in any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom, then the income of such part of the trust for such taxable year shall be included in computing the net income of the grantor."

The defendant's contention, as I understand it, is that the December 31, 1920, transfer in trust should, for purposes of determining depreciation, be disregarded, because:

(1) The trust here involved is of a kind described in Section 166.

(2) This section makes it necessary to disregard the acquisition of property by trusts of the character there described, and its then value, as a basis for computing depreciation thereon.

If both of these propositions are sound, the Commissioner was right in valuing the property as of March 1, 1913. If either is unsound, he was wrong and the plaintiffs should prevail.

(1) The first question to be considered as to each taxpayer is whether she was entitled to get back her contribution to the trust without the consent of a person having a substantial interest adverse to such disposition of the trust property. Mrs. Sears could get back the undivided two-thirds interest which she had contributed to the trust only with Mrs. Bradley's consent, and Mrs. Bradley, by the terms of the trust instrument, had a substantial interest adverse to such a revocation by her mother.

Among the things contained in the indenture showing Mrs. Bradley's interest adverse to a termination of the trust are the provisions whereby, subject to the exercise by Mrs. Sears of a power of ap-

pointment, Mrs. Bradley was entitled, upon her mother's death, to the income from all the property, to acquire all the principal during her lifetime, and to dispose of the principal under her will. Though the matter is not free from doubt, I think Mrs. Sears' interest adverse to the termination of the trust by Mrs. Bradley was also substantial. The fact that if she survived Mrs. Bradley and no appointment was made Mrs. Sears might have taken as an heir of Mrs. Bradley does not stand alone. In connection with what is about to be said, I am not unmindful of the rule that the right to act as trustee does not constitute a substantial interest adverse to the termination of the trust. Morton v. Commissioner, 7 Cir., 109 F.2d 47. The fact that Mrs. Sears was trustee is of little importance. And I refer here not to her interest in that capacity, but to her interest as beneficiary in the trust's continuance.

Before the trust was created, Mrs. Sears owned an undivided two-thirds of the property, Mrs. Bradley an undivided one-third. Neither could give a title to all the property without the other's deed unless pursuant to proceedings for partition. The trust instrument united the legal title in a single trust. The management became single. The right to sell the property was given the trustee, whoever he might be, and Mrs. Bradley could not prevent a sale of the whole property. The axiom that the whole is equal only to the sum of all its parts has little application to the valuation of undivided interests in land. Termination of the trust might well result in a substantial detriment to each of the beneficiaries.

Further details can serve no useful purpose. In view of all the circumstances and all the terms of the trust indenture, each taxpayer had a substantial interest adverse to the termination of the trust by the other.

The conclusion is that the trust here involved is not of the kind described in Section 166 of the Revenue Acts of 1932 and 1934.

■ (2) The plaintiffs assert another reason for saying that as a basis for determining depreciation, the property should be valued as of December 31, 1920, when it was acquired by the trust. They urge that if this trust were of a character described in Section 166 of the Revenue Acts of 1932 and 1934, the valuation for which

they contend is nevertheless the correct one. In this connection, it is noteworthy that Section 166 merely provides that the income of such a trust as is there described shall be treated as the income of the grantor. If the Congress had intended that all such revocable trusts should be treated as if they had not been created, the expression of such an intent would not have been difficult.

The only decision pertinent to the question under discussion which has been called to my attention is Coursey v. Commissioner of Internal Revenue, 33 B.T.A. 1068, 1072. That case arose under the Revenue Act of 1928, 26 U.S.C.A. Int.Rev. Acts, page 407, which is not materially different from the 1932 and 1934 Acts, so far as the present issue is concerned. There the taxpayer conveyed to trustees in 1918 property she had held since March 1, 1913. The Commissioner, for depreciation purposes, valued the property as of 1913, the taxpayer sought a valuation as of 1918. The Board of Tax Appeals held that a portion of the trust came within Section 166, relating to revocable trusts, but refused to hold that on this account, the basis for computing any part of the depreciation should be the 1913 value, saying: "The respondent's use of the March 1, 1913, value is based upon a misconception of the statute. It is only by virtue of section 166 that any part of the profit is to be attributed to the settlor, and this section expressly recognizes that the profit is in fact the profit of the trust, but, to prevent evasion, is included within the income of the grantor. Plainly the method adopted by the statute does not proceed upon a disregard of the trust, but, recognizing the trust as a taxpayer and adopting the computation of its income as a postulate, the statute then provides that the income shall, to the prescribed extent, be included in that of the grantor * * *."

If the words of the statute and its interpretation by the Board of Tax Appeals were my only guide I should have concluded without hesitation that the trust, even if of a kind described in Section 166, supra, can not be disregarded and that the property as a basis for computation of depreciation thereof must be valued as of December 31, 1920, when the trust was created. But the defendant calls attention to certain Regulations and urges that they lead to a contrary result. I should prefer, of course, to quote here only that portion

of Article 881 of Regulations 77 promulgated under the 1932 Act and of Article 166-1 of Regulations 86 under the 1934 Act as the defendant relies upon. But the proper interpretation of the Regulations, their consistency with Section 166 to which they apply, the re-enactment of that section in 1936, 1938 and by codification in 1939 after the Regulations had been promulgated all enter the picture and justice requires that the parts on which the defendant relies be considered in their setting. In the following transcript from the Regulations, the portions on which I understand the defendant relies are bracketed. The Regulations under Section 166 of the 1932 Act read:

Article 881. *"Income of trusts taxable to grantor.*—In the case of certain trusts which are in whole or in part subject to revocation by the grantor or by any person not having a substantial adverse interest, or which are for the benefit of the grantor, the income of the trust is to be included in computing the net income of the grantor. The income of such trusts must be so included, whether or not the trust was created before the enactment of the Revenue Act of 1932.—The cases in which the income of the trust is to be included, in whole or in part, in computing the net income of the grantor are as follows:

"(1) Where at any time during the taxable year the power to revest in the grantor title to any part of the corpus of the trust is vested—

"(a) in the grantor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom, or

"(b) in any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom,

then the income of such part of the trust for such taxable year shall be included in computing the net income of the grantor. [The grantor shall include in his income the entire gross income of such part of the trust, and shall be entitled to such deductions with reference to such income as he would have been entitled to if the trust had not been created—.] Where the grantor relinquishes during the taxable year his power to revest in himself title to the corpus of the trust and the power does not remain in any person not having a substantial adverse interest in the disposition of the corpus of the trust or the income therefrom, the income of the trust shall be taxable to the grantor only for the period during which he had such power.

"(2) Where any part of the income of a trust—

"(a) is, or in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income may be, held or accumulated for future disposition to the grantor; or

"(b) may, in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income, be distributed to the grantor; or

"(c) is, or in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income may be, applied to the payment of premiums upon policies of insurance on the life of the grantor (except policies of insurance irrevocably payable for the purposes and in the manner specified in section 23(n), relating to the so-called 'charitable contribution' deduction);

then such part of the income of the trust shall be included in computing the net income of the grantor."

As used in this article, the term "in the discretion of the grantor" means "in the discretion of the grantor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of the part of the income in question," and the term "substantial adverse interest" means "substantial interest in the trust adverse to the grantor."

The portion of the Regulations under Sections 166 and 167 of the 1934 Act on which the defendant relies have a similar setting, and read:

"Article 166-1, Regulations 86.

"(c) *Income and deductions.*—If, as to any of the corpus, the test of taxability to the grantor is satisfied, the gross income of such corpus shall be included in the gross income of the grantor, and he shall be allowed those deductions with respect to such corpus as he would have been entitled to had the trust not been created."

■ In weighing the effect of the foregoing Regulations, consideration should of

course be given to the undoubted rule that under some circumstances, re-enactment of the provisions of a statute without substantial change in succeeding Revenue Acts must be regarded as an adoption of the Treasury's settled construction of the earlier act. The basis for the rule, as I understand it, is that under the attendant conditions, such was the legislative intent. I doubt the applicability of the rule to the facts disclosed in the case at bar.

These Regulations must be interpreted in connection with the fair meaning of Section 166 under which they were promulgated and Section 166 should be interpreted in the light of Section 113(a) (4), supra, which in turn provides that as to property "acquired by gift or transfer in trust * * * the basis shall be the fair market value of such property at the time of such acquisition." In view of the requirement that Regulations must be consistent with the statute under which they are promulgated and in the light of all the attendant circumstances here appearing, I am not prepared to say that the effect of Section 166 and the Regulations was to make all "revocable" trusts for tax purposes, as the defendant urges, "in effect no trusts at all." Farther than this it is unnecessary here to go, since I have already concluded that to the trust here involved, Section 166 is inapplicable by reason of each taxpayer's substantial interest adverse to its termination.

In view of the agreement of the parties as to the issue presented for decision, I find no occasion to pass upon the plaintiff's requests for findings or their requests for rulings of law, except as follows:

I conclude in accordance with the plaintiffs' third request for rulings of law that: In computing the net income, subject to federal income tax, of each taxpayer for the period involved, the proper basis for determining the deductions allowable for depreciation of real estate used in business held by the trustee under indenture (a copy of which is annexed to the complaint in each case as Exhibit A) is the fair market value of such real estate on December 31, 1920.

The plaintiffs are entitled to judgment in such amount as may be agreed upon in accordance with this conclusion, and if the parties fail to agree, an opportunity for further hearings will be afforded.